United States Bankruptcy Court
Middle District of Pennsylvania

In re:
Steven Richard Kankiewicz
Deborah Lou Kankiewicz
Debtors

Case No. 19-00802-RNO
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-5 User: CourtneyG Page 1 of 2 Date Rcvd: May 15, 2019
Form ID: pdf002 Total Noticed: 47

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2019.

```
db/jdb          Steven Richard Kankiewicz,   Deborah Lou Kankiewicz,   3099 Nuangola Rd,
                 Mountain Top, PA  18707-9506
5171069        +Citizens Bank N.A.,   One Citizens Bank Way JCA115,   Johnston, RI 02919-1922
5171224        +Credit Acceptance,   25505 West Twelve Mile Rd,   Suite 3000,   Southfield MI 48034-8331
5166835         Credit Acceptance Corp,   PO Box 513,   Southfield, MI  48037-0513
5166838         DirecTV,   PO Box 5007,   Carol Stream, IL  60197-5007
5192063         Directv, LLC,   by American InfoSource as agent,   PO Box 5008,   Carol Stream, IL  60197-5008
5191715         Ditech Financial LLC,   PO Box 12740,   Tempe, AZ 85284-0046
5166840         I C System,   PO Box 64378,   Saint Paul, MN  55164-0378
5166828         Kankiewicz Deborah Lou,   3099 Nuangola Rd,   Mountain Top, PA  18707-9506
5166827         Kankiewicz Steven Richard,   3099 Nuangola Rd,   Mountain Top, PA  18707-9506
5166842         Law Offices of Hayt, Hayt & Landau, LLC,   123 S Broad St Ste 1660,
                 Philadelphia, PA  19109-1003
5166843        +Law Offices of Hayt, Hayt, & Landau, LLC,   Meridian Center l,,   2 Industrial Way W,
                 Eatontown, NJ 07724-2279
5166829         Law Offices of Jason P Provinzano LLC,   16 W Northampton St,   Wilkes Barre, PA  18701-1708
5166845         Medical Data Systems I,   645 Walnut St Ste 5,   Gadsden, AL  35901-4173
5166851       ++RBC,   PO BOX 1548,   MANSFIELD OH 44901-1548
               (address filed with court:  Rbc,   PO Box 1548,   Mansfield, OH  44901-1548)
5166853         Regency Cons Disc Co I,   393 Meridian Ave,   Scranton, PA  18504-2630
5166854         U S Dept of Ed,   181 Montour Run Rd,   Coraopolis, PA  15108-9408
5197449        +University Hospitals Samaritan,   RBC Inc,   PO Box 1548,   Mansfield OH 44901-1548
5166855         Wilkes-Barre General Hospital,   575 N River St,   Wilkes Barre, PA  18764-0999
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5173302         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 15 2019 19:25:18
                 Capital One Bank (USA), N.A.,   by American InfoSource as agent,   PO Box 71083,
                 Charlotte, NC  28272-1083
5166830         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 15 2019 19:24:51
                 Capital One Bank USA N,   PO Box 30281,   Salt Lake City, UT  84130-0281
5166831         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 15 2019 19:24:22
                 Capital One Bank USA N.A.,   Attn: General Correspondence,   PO Box 30285,
                 Salt Lake City, UT  84130-0285
5168178        +E-mail/Text: bankruptcy@cavps.com May 15 2019 19:17:59     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
5166833         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 15 2019 19:17:39     Comenity Bank,
                PO Box 182273,   Columbus, OH  43218-2273
5166834         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM May 15 2019 19:17:39     Comenitycb/boscov,
                 PO Box 182120,   Columbus, OH  43218-2120
5166836         E-mail/PDF: creditonebknotifications@resurgent.com May 15 2019 19:24:55
                 Credit One Bank N.A.,   PO Box 98873,   Las Vegas, NV  89193-8873
5166837         E-mail/Text: bankruptcy@cbtno.com May 15 2019 19:18:10     Crescent Bank and Trus,
                 5401 Jefferson Hwy Ste D,   Harahan, LA  70123-4232
5166839         E-mail/Text: bankruptcy.bnc@ditech.com May 15 2019 19:17:37     Ditech Financial LLC,
                 PO Box 6172,   Rapid City, SD  57709-6172
5166841         E-mail/Text: cio.bncmail@irs.gov May 15 2019 19:17:34     Internal Revenue Service,
                 Centralized Insolvency Operation,   PO Box 7346,   Philadelphia, PA  19101-7346
5194151         E-mail/PDF: resurgentbknotifications@resurgent.com May 15 2019 19:24:32     LVNV Funding, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5174576         E-mail/PDF: resurgentbknotifications@resurgent.com May 15 2019 19:24:28     LVNV Funding, LLC,
                 c/o Resurgent Capital Services,   PO BOX 10587,   Greenville, SC 29603-0587
5166844         E-mail/PDF: resurgentbknotifications@resurgent.com May 15 2019 19:25:28     Lvnv Funding LLC,
                 PO Box 1269,   Greenville, SC  29602-1269
5171402         E-mail/Text: bkr@cardworks.com May 15 2019 19:17:26     MERRICK BANK,
                 Resurgent Capital Services,   PO Box 10368,   Greenville, SC 29603-0368
5166846         E-mail/Text: bkr@cardworks.com May 15 2019 19:17:26     Merrick Bank Corp,   PO Box 9201,
                Old Bethpage, NY  11804-9001
5166847         E-mail/Text: bankruptcydpt@mcmcg.com May 15 2019 19:17:50     Midland Funding,
                 2365 Northside Dr Ste 30,   San Diego, CA  92108-2709
5182375        +E-mail/Text: bankruptcydpt@mcmcg.com May 15 2019 19:17:50     Midland Funding LLC,
                 PO Box 2011,   Warren, MI 48090-2011
5173299        +E-mail/PDF: cbp@onemainfinancial.com May 15 2019 19:24:48     OneMain,   PO Box 3251,
                 Evansville, IN 47731-3251
5166848         E-mail/PDF: cbp@onemainfinancial.com May 15 2019 19:25:15     Onemain,   PO Box 1010,
                 Evansville, IN  47706-1010
5193430         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 15 2019 19:24:56
                 Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
5183508         E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 15 2019 19:17:48
                 Pennsylvania Department of Revenue,   Bankruptcy Division PO Box 280946,
                 Harrisburg, PA  17128-0946
5166849         E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 15 2019 19:17:48
                 Pennsylvania Department of Revenue,   Bureau of Compliance,   PO Box 280946,
                 Harrisburg, PA  17128-0946
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

5166850 E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 15 2019 19:25:03
Portfolio Recov Assoc, 120 Corporate Blvd Ste 1, Norfolk, VA 23502-4952

5192095 E-mail/Text: bnc-quantum@quantum3group.com May 15 2019 19:17:45
Quantum3 Group LLC as agent for, Velocity Investments LLC, PO Box 788, Kirkland, WA 98083-0788

5192859 E-mail/Text: bnc-quantum@quantum3group.com May 15 2019 19:17:44
Quantum3 Group LLC as agent for, Comenity Capital Bank, PO Box 788, Kirkland, WA 98083-0788

5166852 E-mail/Text: Supportservices@receivablesperformance.com May 15 2019 19:18:05
Receivables Performanc, 20816 44th Ave W, Lynnwood, WA 98036-7744

5196178 +E-mail/Text: bncmail@w-legal.com May 15 2019 19:17:56 SYNCHRONY BANK,
c/o Weinstein & Riley, PS, 2001 Western Ave., Ste 400, Seattle, WA 98121-3132

5166832 E-mail/Text: creditreconciliation@peoples.com May 15 2019 19:17:51 Citizens Bank,
1000 Lafayette Blvd, Bridgeport, CT 06604-4725

TOTAL: 28

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2019 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2019 at the address(es) listed below:

Charles J DeHart, III (Trustee) TWecf@pamd13trustee.com
James Warmbrodt on behalf of Creditor DITECH FINANCIAL LLC bkgroup@kmllawgroup.com
Jason Paul Provinzano on behalf of Debtor 1 Steven Richard Kankiewicz MyLawyer@JPPLaw.com, G17727@notify.cincompass.com
Jason Paul Provinzano on behalf of Debtor 2 Deborah Lou Kankiewicz MyLawyer@JPPLaw.com, G17727@notify.cincompass.com
United States Trustee ustpregion03.ha.ecf@usdoj.gov

TOTAL: 5

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| IN RE: | CHAPTER 13 |
|---|---|
| Steven Richard Kankiewicz<br>Deborah L. Kankiewicz | CASE NO. 5:19-bk-00802 |
| | X ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.) |
| | 0 Number of Motions to Avoid Liens<br>0 Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | Included | X Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | X Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid $___0.00___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $__$18,900.00__, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/2019 | 02/2024 | $315.00 | $0.00 | $315.00 | $18,900.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $18,900.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (   ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ( X ) Debtor is over median income. Debtor estimates that a minimum of $___1,068.60___ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>**

1. The Debtor estimates that the liquidation value of this estate is $____________. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_X_ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____________ from the sale of property known and designated as ____________________ _____________________________. All sales shall be completed by ____________________, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: ____________________________________________________________

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: ________________________________________ ____________________________________________________________

**2. SECURED CLAIMS.**

**A. <u>Pre-Confirmation Distributions</u>.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ditech Financial LLC | 1997 Castle Palace - Manufactured Home | 2280 |
| Credit Acceptance Corp | 2010 Nissan Maxima | 0795 |
| Crescent Bank and Trust | 2013 VW Passat | 0001 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Ditech Financial LLC | 1997 Castle Palace Manufactured Home | 8,500.00 | 0.00 | 8,500.00 |
| Credit Acceptance Corp | 2010 Nissan Maxima | 416.00 | 0.00 | 416.00 |
| Crescent Bank and Trust | 2013 VW Passat | 368.00 | 0.00 | 368.00 |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

_X_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. <u>Secured claims for which a § 506 valuation is applicable</u>.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**F. <u>Surrender of Collateral</u>.** *Check one.*

_X_ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

**G. <u>Lien Avoidance</u>.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

_X_ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

   a. In addition to the retainer of $___0.00_______ already paid by the Debtor, the amount of $__4,000.00_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____________ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   _X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

**B. <u>Priority Claims (including, certain Domestic Support Obligations</u>**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | Unknown |
| Pennsylvania Department of Revenue | Unknown |
| | |

**C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>.** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

**4. UNSECURED CLAIMS**

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

_X_ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** ***Check one of the following two lines.***

_X_ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

__ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

_X_ plan confirmation.
___ entry of discharge.
___ closing of case.

**7. DISCHARGE: (Check one)**

(X) The debtor will seek a discharge pursuant to § 1328(a).
( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: ____________________________________________

Level 2: ____________________________________________

Level 3: ____________________________________________

Level 4: ____________________________________________

Level 5: ____________________________________________

Level 6: ____________________________________________

Level 7: ____________________________________________

Level 8: ____________________________________________

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 02/26/2019    /s/ Jason P. Provinzano, Esquire
                              Attorney for Debtor


                              /s/ Steven Richard Kankiewicz
                              Debtor

                              /s/ Deborah Lou Kankiewicz
                              Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.